UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| PAUL TATE, | |
|---|---|
| Petitioner, | Civil Action No. 10-123-HRW |
| vs. | |
| J.C. HOLLAND, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

On December 7, 2010, Paul Tate, an inmate incarcerated at the Federal Prison Camp in Ashland, Kentucky, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the filing fee. [R. 3] This matter is before the Court for initial screening.[1]

In his petition, Tate contends that under the Second Chance Act, codified as amended at 18 U.S.C. § 3624(c), he is entitled to immediate placement in a residential

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

re-entry center ("RRC"), but that his Unit Counselor has indicated that there was no space available for him in a RRC. Tate continues that a RRC in London, Kentucky, advised his family that space was available at that facility, but that his counselor told him that the BOP's Office of Community Corrections Management ("CCM") must decide where to place him in a facility. Tate contends that the BOP has abused its discretion by failing to immediately place him in a RRC.

On January 4, 2011, the Court entered an Order directing Tate to resubmit his habeas corpus petition on a Court-supplied for in accord with LR 5.2(a), and to file copies of his inmate grievances to demonstrate exhaustion of administrative remedies. [R. 4] In his January 12, 2011, response, Tate asserts that he lacks sufficient time to obtain meaningful relief through the prison's grievance procedures, and asks that his failure to exhaust his administrative remedies be excused under the futility doctrine. He also contends that Section 3624(c) places a mandatory duty on the BOP to place him in a halfway house during "the final months" of his prison term. [R. 5]

As a threshold matter, Tate failed to file an amended habeas corpus petition on the EDKY Form 521 he was provided as required by the Court's Order. This is grounds by itself to deny his petition. LR 5.2(b). While Tate is proceeding without counsel, *pro se* litigants are required to comply with readily-comprehended orders. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

With respect to exhaustion of administrative remedies, this Court has repeatedly required habeas petitioners to fully exhaust claims regarding RRC placement. *See McDowell v. Holder,* No. 10-197-JBC (E.D. Ky. Aug. 13, 2010) [R. 7 at 5]; *Sommerville v. Dewalt*, No. 09–068-KKC, 2009 WL 1211158, at *3 (E.D. Ky. May 1, 2009); *Simmons v. Zuercher*, No. 09-049-ART (E.D. Ky. Oct. 20, 2009) [R. 7 at 7]; *Johnson v. Hogsten*, No. 09-082-GFVT (E.D. Ky. Apr. 15, 2009) [R. 7 at 4]. While the Court is cognizant of Tate's rapidly-approaching release date, one of the core justifications for the exhaustion requirement is that it ensures that the Court has an adequate record before it to review the agency action in question. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006); *Fazzini v. Northeast Ohio. Corr. Center*, 473 F.3d 229, 232 (6th Cir. 2006). The Court might have considered waiving the exhaustion requirement had Tate provided the Court with other documentary evidence which served the same purpose, such as correspondence from his Unit Counselor, a Sentence Computation Worksheet, an Inmate Request to Staff, a Request for Informal Resolution, or documents at least initiating the grievance process with the warden even if it was unlikely to be completed. But Tate has provided none of these things. Without an adequate administrative record explaining the BOP's actions and the reasons for taking them, the Court lacks a sufficient evidentiary basis upon which to review the claims asserted in the petition.

Third, Tate's claim appears almost certain to fail as a matter of law. The

pertinent statutory provision states:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). While this language requires the BOP to make efforts to place a prisoner in a transitional facility as his or her prison term nears its end, it does not require such placement to be for any minimum amount of time, only a maximum of twelve months, and the BOP's efforts are only required "to the extent practicable." *Harris v. Hickey*, No. 10-CV-135-JMH, 2010 WL 1959379, at *3 (E.D. Ky. May 17, 2010) ("the Second Chance Act ... does not automatically entitle, or guarantee, any prisoner an RRC placement term, much less one for a full year of a prisoner's five-year sentence.") Tate acknowledges that the BOP has determined that he should be placed in a RRC at this time, but its ability to do so has been curtailed by the lack of available bed space. While the facility in London may have indicated that it has bed space available, such facility may not be approved with the BOP or under contract with the agency, or the BOP may have determined that the treatment programs available at the facility do not meet Tate's transitional needs. Without an evidentiary record before the Court, these are matters of pure conjecture upon which the Court will not endeavor to reach a decision.

Finally, Tate's assertion that the BOP's decision is "arbitrary and capricious" is grounded in the administrative review provisions of the Administrative Procedures Act, 5 U.S.C. § 706(2)(A). However, Congress has established that the BOP's placement decisions cannot be reviewed for an abuse of discretion. 18 U.S.C. § 3625; *Boulware v. Federal Bureau of Prisons*, 518 F. Supp. 2d 186, 188 n.3 (D.D.C. 2007) (Section 3625 divests court of subject matter jurisdiction over claim under 5 U.S.C. § 706 challenging "any determination, decision, or order under [the] subchapter" governing imprisonment); *Pitts v. Zych*, No. 2:09cv12329, 2009 WL 1803208, at *1 (E.D. Mich. June 19, 2009). For these reasons, the petition must be denied.

Accordingly, **IT IS ORDERED** that:

1. The petition for a writ of habeas corpus filed by Paul Tate [R. 2] is **DENIED**.

2. The Court will enter an appropriate judgment.

This January 14, 2011.



Signed By:
Henry R Wilhoit Jr.
United States District Judge